THE CHICKIE.

THE ADMIRAL.

No. 84.

District Court, W. D. Pennsylvania.

July 10, 1942.

See also 54 F.Supp. 21.

David M. Harrison, Roger Knox, and H. E. McCamey, all of Pittsburgh, Pa., for petitioners.

John H. Sorg, of Pittsburgh, Pa., for respondent.

SCHOONMAKER, District Judge.

In our opinion filed herein on January 30, 1942, 54 F.Supp. 17, we found both respondents were negligent in the matter of a collision between a barge owned by respondent, and the dredge "Admiral" owned by libelant.

The Lyons River Transportation Company, on May 10, 1942, filed a petition for limitation of liability, alleging that the damages claimed by libelant were caused without privity or knowledge of the Lyons River Transportation Company. This petition was filed under the provision of the Act of 1936, 46 U.S.C.A. § 185. However, the Lyons River Transportation Company did not comply with the provisions of this statute, either by depositing with the court a sum equal to the value of its interest as owner of the "Chickie," or by giving approved security therefor, or by the transfer of its interest in the "Chickie" to a trustee, as provided for in said statute. We therefore conclude that its proceeding for limitation of liability under this petition cannot be granted.

However, in its answer filed herein, it did claim the right to limit its liability. The United States Supreme Court has held that if the issue of limitation of liability is raised by the answer filed by the ship-owner, then he may have the question of his liability determined by the proofs on the trial to be the value of said steamer and freight at the termination of the voyage. The Great Western, 118 U.S. 520, 525, 526, 6 S.Ct. 1172, 30 L.Ed. 156.

We are of the opinion that the Lyons River Transportation Company still had that right, notwithstanding the provisions of the Act of 1936, which provided an independent method by which the owner of a vessel might limit its liability.

The Lyons River Transportation Company was a partnership composed of J. Huber Wagner and Andrew C. Lyons. On petition filed herein by J. Huber Wagner on April 14, 1942, he claims that the certificate of ownership to the said vessel was in Andrew C. Lyons, as sole owner, and that by agreement between the parties on the 10th of March, 1936, it is understood that Andrew C. Lyons should hold title to the said boat as trustee for himself and J. Huber Wagner in equal amounts. We permitted this petition to be filed, and on consideration thereof, we will direct that the certificate of ownership and the agreement between Lyons and Wagner shall be of the same effect as if they had been offered in evidence and admitted during the trial of this cause. But in connection with this matter, Andrew C. Lyons testified on page 87 of the record that the Lyons River Transportation Company was a partnership consisting of himself and J. Huber Wagner, and that on the date of the occurrence charged in the libel, February 1, 1939, the Lyons River Transportation Company owned the Steamboat "Chickie."

On the facts proved, we are unable to find that the owner of the Steamboat "Chickie" was without privity or knowledge which caused, or contributed to, the damage sustained. See The 84 H, 2 Cir., 296 F. 427; In re Reichert Towing Line, 2 Cir., 251 F. 214.

"Privity" as used in this section, (§ 183) means some fault or neglect in which the owner personally participated; "knowledge" means personal cognizance or means of knowledge of which the owner is bound to avail himself of the contemplated loss or condition likely to produce or contribute to the loss without adopting appropriate means to prevent it. Lord v. Goodall S. S. Co. 102 U.S. 541, 26 L.Ed. 224; In re Eastern Transportation Co., D.C., 37 F.2d 355, affirmed The Calvert, 4 Cir., 51 F.2d 494.

It appears by the evidence in this case that Captain Lyons was an experienced river man. He was operating partner of the Lyons River Transportation Company, with all decisions of the handling of the vessels left to him. He was a licensed captain and pilot for the Ohio River and all its tributaries and at the time of the accident had been handling steamboats for about fifteen years. He had had experience in tying up tows. With this marine experience and background, Captain Lyons came to the place where the barges were moored on the evening of February 1, 1939. He inspected the lines by which they were attached to the tree and approved them as being safe, leaving shortly thereafter to return the next morning. The Steamboat "Chickie" had in the meantime gone down the river without his knowledge and he spent some time in attempting to find her. When the Steamboat "Chickie" returned to the mooring place, Captain Lyons was then on hand, and when the boat arrived, he made the statement referred to in our opinion herein about the tree to which the barges were moored: "This tree looks like it was going to pull loose." When the question came up of taking the barges down the river to the coal tipple for the purpose of having them taken on by the "Hider" as tow, it is apparent Captain Lyons approved this idea.

Under these circumstances, we find that Captain Lyons, as an owner of the vessel, was entirely familiar with the way the barges were secured, was aware that the water in the river was falling, and knew that as a result of the falling of the water, the tree holding the barges might pull out. Yet he took no affirmative action whatever to secure these barges against the tow line fastened to the tree giving way. Of all these facts Captain Lyons had actual knowledge.

We cannot hold, therefore, due to the knowledge of all these facts by Captain Lyons, a member of the partnership of the Lyons River Transportation Company, that that company is without privity or knowledge of the facts that caused, or contributed to, the damage sustained. Therefore its petition to limit liability will be denied.

Findings of fact and conclusions of law and decree in accordance with our opinion filed herein on January 30, 1942, and in accordance also with this opinion, may be submitted.