THE CHICKIE.

THE ADMIRAL.

No. 84.

District Court, W. D. Pennsylvania.
Oct. 30, 1942.

David M. Harrison, Roger Knox, and H. E. McCamey, all of Pittsburgh, Pa., for petitioners.

John H. Sorg, of Pittsburgh, Pa., for respondent.

SCHOONMAKER, District Judge.

In an opinion filed herein on July 10, 1942. 54 F.Supp. 19, we held that Andrew C. Lyons, as operating partner of the firm of Lyons Transportation Company, had knowledge of such facts leading up to damages claimed by libelant, that we could not find the partnership composed of Andrew C. Lyons and J. Huber Wagner was without privity or knowledge of the facts that caused or contributed to the damage sustained. We concluded that their petition to limit liability should be denied.

On July 16, 1942, a decree was entered on this opinion holding Andrew C. Lyons and J. Huber Wagner, individually and trading as Lyons Transportation Company, a partnership, liable for the damages sustained by libelant, and not entitled to claim limitation of liability, as prayed for in their answer.

On July 28, 1942, J. Huber Wagner and Beatrice Lyons, administratrix of the estate of Andrew C. Lyons, deceased, petitioned this court to amend this decree of July 16, 1942, by striking out that part of the decree which held them individually liable.

On July 30, 1942, this decree was vacated by consent of the parties, in order to permit a further hearing on the question of limitation of their liability. On October 19, 1942, J. Huber Wagner petitioned for a reargument on the petition, asserting it was admitted of record that J. Huber Wagner was without privity to the occurrence. Accordingly, on October 23, 1942, there was a further hearing on the question of liability.

We may say, with reference to our opinion of July 10, 1942, that we made no finding that J. Huber Wagner personally had any privity or knowledge of facts causing or contributing to the damage sustained by the libelant.

J. Huber Wagner and Andrew C. Lyons, partners trading as Lyons Transportation Company, made the answer and claim for limitation of liability. It appears to us that the effect of our finding was to bind Andrew C. Lyons and the partnership assets of the Lyons Transportation Company. We did not intend then to bind J. Huber Wagner personally for any damages awarded to libelant in this case, because he personally had no knowledge of the operation of the boat, took no part therein, nor in the events leading to this proceeding. As to Andrew C. Lyons, we find no reason to reopen the case as to him on the question of limitation of liability.

Findings of fact, conclusions of law, and decree in accordance with our opinion of July 10, 1942, and this opinion, may be submitted.