In the Matter of the Complaint of Frank CIRIGLIANO, as owner of one 1981, 25 Foot Sea Ray Cruiser Power Boat, Serial Number 19T440181–255AJ257–81 for exoneration from or limitation of liability.

Civ. No. 88–5485 (CSF).

United States District Court,
D. New Jersey.

March 7, 1989.

Palmer, Biezup & Henderson by Frank P. DeGiulio, Haddonfield, N.J., for petitioner.

Ronald W. Sage, Freehold, N.J., for respondents Laurie Musgrave and Adam Musgrave.

OPINION

CLARKSON S. FISHER, District Judge.

Petitioner, Frank Cirigliano, is the registered owner of a 1981, 25–foot Sea Ray Cruiser power boat with twin 228–horsepower inboard-outboard engines. On September 5, 1988, while en route from the Manasquan River to Johnson's Boat Basin in Ocean County, New Jersey, the vessel was involved in an accident with another vessel. It is alleged that the Sea Ray Cruiser ran over two water skiers afloat in the Metedeconk River alongside the second vessel and that, as a result, Adam Musgrave, a minor child, suffered serious and extensive injuries.

On December 22, 1988, petitioner filed a petition in admiralty, pursuant to 46 U.S.C. App. §§ 183–189, for exoneration from or limitation of liability for any claims arising out of the incident. On December 29, 1988, this court issued an order restraining the prosecution of any other action to recover damages sustained as a result of the accident, as well as an order for a monition, directing that all claims regarding the boating accident be filed in this court. Claimant Laurie Musgrave filed an answer to the petition on her own behalf and as guardian *ad litem* for Adam Musgrave on February 6, 1989.[1]

The matter is presently before the court on the claimants' motion for summary judgment. Claimants assert that at the time the boating accident occurred, petitioner was operating his own vessel and, thus, is not entitled to the limitation of liability afforded by 46 U.S.C.App. § 183 to owners of vessels for acts which occur without the owner's "privity or knowledge." Petitioner does not dispute that he was operating his boat at the time of the incident. Nonetheless, he opposes the motion for summary judgment on the ground that a denial of a petition for limitation of liability requires a showing, first, of negligence, and then, of "privity or knowledge"

1. On January 12, 1989, prior to answering the petition, but subsequent to the issuance of a restraining order by this court, claimants filed an action for damages in the Superior Court of New Jersey, Law Division, Ocean County. That litigation, however, has been stayed by this court's December 29, 1988, restraining order pending resolution of the instant suit.

on the part of the owner, both of which involve factual inquiries, thus making summary judgment inappropriate at this time. Moreover, petitioner contends that the affidavit submitted by the claimants is not only insufficient to show either negligence or "privity of knowledge" on his part, as a matter of law, but is improper and prejudicial because it contains irrelevant medical information regarding Adam Musgrave's injuries and incorporates a police report which contains hearsay statements inadmissible under Fed.R.Evid. 803(6) and (8).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56; *Brown v. Hilton*, 492 F.Supp. 771, 774 (D.N.J.1980). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). This "burden ... may be discharged by 'showing ... that there is an absence of evidence to support the nonmoving party's case.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Nonetheless, in deciding a motion for summary judgment, the facts and inferences therefrom are construed in a light most favorable to the nonmoving party. *Pollock v. American Telephone & Telegraph Long Lines*, 794 F.2d 860, 864 (3d Cir.1986).

■ The Limitation of Liability Act, 46 U.S.C.App. § 183, permits the owner of a vessel to petition for exoneration from or limitation of liability for loss or damage which results from a collision, provided that the loss occurred without the owner's "privity or knowledge."[2] In pertinent part, § 183 provides:

The liability of the owner of any vessel ... for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on

board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage or forfeiture, done, occasioned or incurred, *without the privity or knowledge of such owner* or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel and her freight then pending.

46 U.S.C.App. § 183 (emphasis added). At issue here is whether a denial of an owner's petition for exoneration from or limitation of liability, under the above statute, can be based solely on a finding that the owner was the operator of the vessel at the time the collision occurred. The court concludes that it cannot.

■ It is well settled that the determination of whether a shipowner is entitled to a limitation of liability requires the court to engage in a two-step inquiry. The initial inquiry requires the court to determine what acts of negligence or conditions of unseaworthiness caused the accident. Next, the court must determine whether the owner of the vessel had "knowledge or privity" of these acts of negligence or conditions of unseaworthiness. *M/V Sunshine, II v. Beavin*, 808 F.2d 762, 764 (11th Cir.1987); *Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563–64 (11th Cir.1985); *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 948 (3d Cir.1985); *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir.1976). The initial burden of proving negligence or conditions of unseaworthiness lies on the claimant; however, once this burden is satisfied, the burden of proof shifts to the shipowner to show an absence of "privity or knowledge." *Coryell v. Phipps*, 317 U.S. 406, 409, 63 S.Ct. 291, 292–93, 87 L.Ed. 363 (1943); *M/V Sunshine, II, supra; Hercules Carriers, Inc.*, 768 F.2d at 1564.

■ The claimants have failed to present the court with facts which indisputably show that the collision and resulting injuries were caused by either petitioner's negligence or the vessel's unseaworthiness.

---

2. Complete exoneration is granted when there is a finding of no contributory fault; however, where liability is found, the owner of a vessel can have recovery limited to the value of the boat and its freight if it can be shown that the loss occurred without his privity or knowledge. *Tittle v. Aldacosta*, 544 F.2d 752, 756 (5th Cir. 1977).

Instead, they proffer the Affidavit of Laurie Musgrave (hereinafter referred to as the "Musgrave Aff."), which states that at the time of the accident, petitioner was the owner/operator of the vessel which "negligently" struck Adam Musgrave.[3] *See* Musgrave Aff., ¶ 3. Claimants contend that the fact that petitioner was operating the vessel at the time of the accident precludes a showing of lack of "privity or knowledge" on his part, and thus provides the court with a sufficient basis on which to deny the petition for exoneration from or limitation of liability.

Where individual owners are concerned, "privity or knowledge" has been defined to mean "some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury." *Coryell v. Phipps*, 317 U.S. at 411, 63 S.Ct. at 293; *Gibboney v. Wright*, 517 F.2d 1054, 1057–58 (5th Cir.1975). The court recognizes that there is some authority for the proposition that when an owner operates his own pleasure craft, he is charged with "privity or knowledge" of his own negligent acts or the negligent acts of those under his effective command and, consequently, is not entitled to limit his liability. *See Tittle v. Aldacosta*, 544 F.2d at 756–57; *Fecht v. Makowski*, 406 F.2d 721, 722–23 (5th Cir.1969); *In re Follett's Petition*, 172 F.Supp. 304, 305 (S.D.Tex.1958). Nevertheless, the court is reluctant, at this stage of the litigation, to award summary judgment to claimants and deny petitioner the opportunity, available to him under 46 U.S.C. App. § 183, to seek exoneration or limit his liability on so little a factual showing.[4]

In the case at bar, petitioner seeks either exoneration or a limitation of liability. Both require a factual inquiry into the issue of which negligent acts caused the accident. In this regard, claimants offer only conclusory allegations of petitioner's negligence; no facts have been presented which indisputably establish petitioner's negligence as the cause of the collision. Similarly, it is also well settled that "privity or knowledge" turn on the facts of the individual case. *Coryell v. Phipps*, 317 U.S. at 411, 63 S.Ct. at 293–94; *Gibboney v. Wright*, 517 F.2d at 1057.[5] While the court is aware that an owner who is in control of his own pleasure craft has a heavy burden of showing that he lacked "privity or knowledge" as to negligence in operation, the court will not conclude otherwise prior to a factual development of the issue of fault causing or contributing to the loss. *See M/V Sunshine II v. Beavin*, 808 F.2d at 765.

For the reasons set forth above, the court concludes that a summary disposition based solely on the undisputed fact that petitioner was on board and operating his own vessel at the time of the accident, without time for discovery and a more complete development of the circumstances surrounding the accident, would be inappropriate. Accordingly, claimants' motion for summary judgment is denied. No costs.

**3.** Petitioner has not submitted any affidavits which contest the claimant's assertion that he was operating the boat which struck Adam Musgrave. Instead, he contends that the Musgrave affidavit should be stricken because it incorporates a police report which contains hearsay statements and highly prejudicial and irrelevant medical facts regarding Adam Musgrave's injuries. For the purpose of this motion, the court must accept as true the undisputed fact that petitioner was operating his own vessel when the accident occurred; however, to the extent that the affidavit contains irrelevant and inadmissible facts or legal conclusions, it has been disregarded.

**4.** The court is mindful that current authority finds little reason for allowing the private owner of a pleasure craft to take advantage of the limitation of liability provided for in 46 U.S.C. App. § 183. *See Hercules Carriers Inc.*, 768 F.2d at 1564–65; *Gibboney v. Wright*, 517 F.2d at 1057. Despite the recent criticism of the Act, however, Congress has not seen fit either to remove it from the books entirely or to amend it to exclude pleasure crafts from the statute, leaving courts no choice but to apply it as written. *Id.; In re Roberto*, 1987 A.M.C. 982, 984 (D.N.J.1986) [1986 WL 15685].

**5.** *See also In re Roberto*, 1987 A.M.C. at 985 (A finding that a collision occurred without the "privity or knowledge" of the operator of the vessel requires a factual development).