**Janice DUBOIS, et al.**

v.

**STATE FARM FIRE & CASUALTY COMPANY.**

**Civ. A. No. 87–3126.**

United States District Court, E.D. Louisiana.

March 8, 1990.

Edmund McCollam, McMahon & McCollam, Houma, La., for plaintiffs.

Robert H. Cooper, Blue, Williams & Buckley, Metairie, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of plaintiffs to exclude from admission into evidence the Bureau of Alcohol, Tobacco and Firearms Report, Case No. 53440 87 2533 P ("ATF Report"), submitted by defendant. The Court, after reviewing the motion, memoranda of counsel, the record, and the law, hereby denies the motion in part and grants the motion in part.

## FACTS

Plaintiffs, Janice and Terry Dubois, owned and operated a small flower and gift shop in Houma, Louisiana. Plaintiffs' shop was severely damaged by a fire which occurred in the early morning of December 13, 1986. State Farm Fire & Casualty Company had in force with the plaintiffs at the time of the fire, a fire insurance policy covering the shop. The present action was brought because State Farm denied coverage for this fire, claiming the defense of arson.

## ANALYSIS

The plaintiffs assert four specific arguments in support of their motion to exclude the ATF Report:

(1) The ATF Report is a confidential, criminal investigation report consisting of a compilation of documents which are composed primarily of inadmissible hearsay and double hearsay;

(2) The ATF Report contains a multitude of biased conclusions and opinions which are almost entirely predicated on inadmissible hearsay;

(3) The ATF Report is itself inherently untrustworthy as it was prepared pursuant to an ongoing criminal investigation with the goal of ultimately convicting plaintiffs of arson; and

(4) Any probative value of the ATF Report is substantially outweighed by the danger of unfair prejudice to the plaintiffs.

The issue presented in this motion is whether an investigative report prepared by an ATF agent pursuant to a criminal investigation is admissible in a subsequent civil action under the hearsay exception contained in Federal Rule of Evidence 803(8). Under that exception certain "public records and reports" are not excludable from evidence regardless of whether the

declarant is available to testify. Rule 803(8) states:

**(8) Public records and reports.**

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) *in civil actions and proceedings against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.*

Fed.R.Evid. 803(8) (emphasis added).

Obviously, the ATF Report falls under Part (C) of Subsection (8). Part (B) is not applicable because while Agent Smith compiled the ATF Report as part of a criminal investigation, the instant matter is not a criminal case.

Until recently, the Fifth Circuit construed Rule 803(8)(C) narrowly, holding that the term "factual findings" did not encompass "opinions" or "conclusions." *Smith v. Ithaca Corp.,* 612 F.2d 215, 220–23 (5th Cir.1980). However, the Supreme Court has recently overruled this narrow interpretation of Rule 803, holding that factually based conclusions or opinions are not automatically excluded from the scope of the rule. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 446, 102 L.Ed.2d 445 (1988). *See,* McCormick, *Can the Courts Make Wider Use of Reports of Official Investigations?,* 42 Iowa L.Rev. 363 (1957) (evaluative reports of official investigators, though partly based upon statements of others, and though embracing conclusions, are admissible as evidence of the facts reported).

In *Beech Aircraft,* the Supreme Court recognized that an inquiry into the admissibility of such a report necessarily involves a two step process. First, the Rule assumes admissibility in the first instance.

Second, the Rule itself provides in the final clause for an exception to such reports being generally admissible: evaluative reports are admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." *Beech Aircraft,* 109 S.Ct. at 448, *citing* Advisory Committee's Notes on Fed.Rule Evid. 803(8), 28 U.S.C.App., pp. 724–25. The Supreme Court concluded that neither the language of Rule 803(8) nor the intent of its framers calls for a distinction between "fact" and "opinion":

This trustworthiness inquiry—and not an arbitrary distinction between "fact" and "opinion"—was the Committee's primary safeguard against the admission of unreliable evidence, and it is important to note that it applies to all elements of the report. Thus, a trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof—whether narrow "factual" statements or broader "conclusions"—that she determines to be untrustworthy. Moreover, safeguards built in to other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding evaluative reports or portions of them. And of course it goes without saying that the admission of a report containing "conclusions" is subject to the ultimate safeguard—the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions.

*Id.* at 448–49 (footnote omitted). In order to aid courts in evaluating the trustworthiness of investigative reports, the Court suggested a nonexclusive list of four factors to consider: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation. *Id.* at 449 n. 11.

Applying the foregoing to the present motion, this Court concludes that the ATF Report is assumed admissible under step one. Agent Smith without question com-

piled the ATF Report as part of his official duties pursuant to an ongoing criminal investigation. The next step is to evaluate the trustworthiness of the report. No one involved in this case has raised a question regarding either the timeliness of the investigation nor Agent Smith's lack of skill or experience in preparing the report. Additionally, the fact that apparently no hearing was held is irrelevant since this report was prepared as part of a confidential criminal investigation and Janice and Terry Dubois were not prosecuted.

Applying the fourth factor, potential bias, to the present facts is somewhat more problematic. It is true that the ATF Report in question was prepared with a view to the possible criminal prosecution of Janice and Terry Dubois. However, the ATF Report was not prepared with a view to the instant litigation. The plaintiffs argue that because the report was prepared pursuant to an ongoing criminal investigation, it is inherently untrustworthy. They assert that Agent Smith's perception was "undoubtedly clouded by his role as a criminal investigator preparing his case for criminal prosecution." *Memo in Support*, p. 7. The Court disagrees. Special Agent Smith prepared the report as a part of his everyday function as an investigator for a federal agency. Obviously, Agent Smith did not stand to gain anything from the criminal investigation of the Duboises, nor does he have a stake in the present litigation.

The Court notes, however, that unqualified admission of such evidence is ill advised, especially when such reports may contain *portions* that are neither factual compilations nor factual conclusions. Legal conclusions, for example, would not necessarily be admissible in reports such as this one. *Beech Aircraft*, 109 S.Ct. at 450 and n. 13. Furthermore, admissibility of all evidence, including hearsay exceptions, is always subject to the general rules of relevance and prejudice. *Id.* at 449.

For these reasons the ATF Report in question is admissible as generally trustworthy under Rule 803(8). However, this ruling is not intended to eliminate a proper challenge as to the admissibility of any *specific portion* of the report that does not conform to this ruling and the precedent cited herein. The obligation, though, remains with the plaintiffs to identify and challenge those portions of the report they deem inadmissible. The only specific challenge addressed to this Court in the present motion pertains to the criminal arrest records and records of criminal proceedings against a key witness in the case, Shadrick Pierron, which are contained in the report. State Farm alleges that Pierron conspired with the Duboises to burn the shop. Since these are *arrest* records and not convictions, they are not admissible, regardless of their inclusion in the generally admissible ATF Report.

Accordingly,

IT IS ORDERED that:

(1) The motion to exclude the ATF Report from admission into evidence is DENIED;

(2) The arrest records and records of criminal proceedings against Shadrick Pierron contained in the ATF Report are inadmissible; and

(3) Future challenges to the admissibility of specific portions of the ATF Report shall be in the form of a motion in limine, or made orally at the trial of this matter.