NORRIS, Circuit Judge,
concurring in part, dissenting in part, and dissenting from the judgment:
I join the majority opinion except in its holding that conclusions in a Coast Guard report of a marine casualty investigation are admissible as evidence in civil eases. In so holding, the majority creates a square conflict with the Sixth and Ninth Circuits, the *119 only other circuits that have addressed and decided this question.
In In re Cleveland Tankers, Inc., 67 F.3d 1200, 1208 (6th Cir.1995), the Sixth Circuit held that under the Coast Guard regulation at issue, 46 C.F.R. § 4.07-1(b),[1] conclusions in Coast Guard reports are not admissible. The Sixth Circuit reasoned that
the function of the Coast Guard reports is altogether different from that of fixing liability. The Coast Guard report is, to a great extent, forward-looking, since it is meant in part to aid in developing rules to make shipping safer. In a lawsuit, a court must look backward to facts and rules as known to the actors at the time of the accident. Introducing the Coast Guard’s conclusions may confuse the two sorts of inquiries.
Id. (citation omitted).
In Cleveland Tankers, the Sixth Circuit followed the Ninth Circuit’s decision in Huber v. United States, 838 F.2d 398, 403 (9th Cir.1988). The majority attempts to distinguish Huber on the ground that the Coast Guard was a party to that action. However, the Sixth Circuit expressly rejected that distinction and held that “Huber’s reasoning is sound” even in eases in which the Coast Guard has no interest.[2] Cleveland Tankers, 67 F.3d at 1208.
In creating a conflict with the Sixth and Ninth Circuits, the majority relies on Puerto Rico Ports Auth. v. M/V Manhattan Prince, 897 F.2d 1, 8 (1st Cir.1990). That reliance is misplaced. In Manhattan Prince, the First Circuit neither addressed nor decided the question whether 46 C.F.R. § 4.07-1(b) bars the admission of conclusions in Coast Guard reports as evidence. The First Circuit made no reference to 46 C.F.R. § 4.07-1(b), apparently because it was not cited by either party. See id. (“Both sides agree that Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) controls the admissibility of the report.”). Rather, the First Circuit analyzed the admissibility of conclusions in a Coast Guard report solely under Federal Rule of Evidence 803.
Other than Manhattan Prince, the only cases cited by the majority are four district court decisions, three of which are unpublished and only one of which addresses the question whether 46 C.F.R. § 4.07-1(b) bars the admission of conclusions in Coast Guard reports as evidence. In Complaint of Kenneth I. Munyan, 143 F.R.D. 560, 565-66 (D.N.J.1992), the only published decision cited by the majority, the court made no reference to 46 C.F.R. § 4.07-1(b), and analyzed the admissibility of a Coast Guard report solely under Federal Rule of Evidence 803.[3]
The only district court decision cited by the majority that addresses the question whether 46 C.F.R. § 4.07-l(b) bars the admission of conclusions in a Coast Guard re *120 port is an unpublished order on a motion in limine in Fox v. United States, No. C-94-0941, slip op. at 4-8 (N.D.Cal. Feb. 12, 1996). There, the district court declined to apply Huber and decided that 46 C.F.R. § 4.07-1(b) did not bar the admission of Coast Guard conclusions under Beech Aircraft v. Rainey, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). Like the majority here, the district court decided that an agency regulation “cannot trump congressionally enacted rules of evidence.” Fox, slip op. at 7. With all due respect, I believe that a specific agency regulation can create an exception to a general rule of evidence, as long as the agency acts within the scope of the rulemaking authority granted to it by Congress. In promulgating 46 C.F.R. § 4.07-1(b), the Coast Guard was clearly acting within the scope of its authority.[4] As the Ninth Circuit put it,
[t]he only difference between the Coast Guard regulation banning the use of accident reports as evidence and a statute such as 49 U.S.C. § 1441(e) banning the use of aviation accident reports as evidence is that in one the Coast Guard acted pursuant to authority from Congress to pursue safety on the high seas, and in the other, Congress acted directly in promoting air safety. Either way, the result is the same: all or portions of the reports are excluded from evidence on authority of Congress.
Huber, 838 F.2d at 403.
I respectfully dissent.

. The regulation provides:
The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility.
46 C.F.R. § 4.07-1 (b).

. It appears that the majority’s holding that 46 C.F.R. § 4.07-1 (b) does not bar the admission of Coast Guard conclusions may soon be overruled by Congress. The Coast Guard budget authorization bill for the 1996 fiscal year, which is awaiting final vote in the Senate, expressly codifies 46 C.F.R. § 4.07-l(b), els interpreted and applied in Cleveland Tankers and Huber:
Notwithstanding any other provision of law, any opinion, recommendation, deliberation, or conclusion contained in a report of a marine casualty investigation conducted under section 6301 of this title with respect to the cause of, or factors contributing to, the casualty set forth in the report of the investigation is not admissible as evidence or subject to discovery in any civil, administrative, or State criminal proceeding arising from a marine casualty, other than with the permission and consent of the Secretary of Transportation, in his or her sole discretion.
H.R. 1361, 104th Cong., 1st Sess. § 414 (1995).

. Two of the three unpublished district court decisions are also not on point. In Wright v. Daviesyndicate, Inc., No. CIV-A-91-3423, 1993 WL 246020 (E.D.Pa. June 30, 1993), the district court weighed the probative value of conclusions in a Coast Guard report after a bench trial, without discussing their admissibility. In Taylor v. Bouchard, No. 89-CIV-5965, 1991 WL 107279 (S.D.N.Y. June 12, 1991), the court did not consider whether 46 C.F.R. § 4.07-1(b) bars the admission of Coast Guard conclusions. Rather, it decided that a Coast Guard report was trustworthy and therefore admissible under Federal Rule of Evidence 803.

. Congress has expressly provided that "[t]he Coast Guard shall ... promulgate and enforce regulations for the promotion of safety of life and property on and under the high seas....” 14 U.S.C. § 2; see 46 U.S.C. § 239(a) ("The Commandant of the Coast Guard shall prescribe rules and regulations for the investigation of marine casualties ..."). By this authority, the Coast Guard established a set of procedures to be followed by its personnel whenever a marine casualty or accident takes place, including a formal investigation of the incident. See 46 C.F.R. § 4.07-1 (1986). The Coast Guard has also directed, consistent with its statutory mandate to promote marine safety, that reports of such investigations shall not be used as evidence to assign civil or criminal responsibility for accidents. The reason for this is obvious: were post-accident investigation reports admissible evidence in a later civil proceeding for damages, the investigators might well be reluctant to be completely open and candid in the report, a result which could have adverse consequences for public safety.
Huber, 838 F.2d at 402 (footnote omitted).