**In re the Petition of Anthony KELLER for Exoneration From or Limitation of Liability, Civil and Maritime**

v.

**Francis JENNETTE, Joseph Jennette, Kay Jennette and Todd Jennette.**

**Civil Action No. 95–10907–RGS.**

United States District Court, D. Massachusetts.

Sept. 25, 1996.

Thomas E. Clinton, Clinton & Muzyka, Boston, MA, for Anthony Keller.

Douglas Q. Meystre, William D. Jalkut, Fletcher, Tilton & Whipple, Worcester, MA, for Francis P. Jennette, Joseph S. Jennette, Kay Jennette and Todd Jennette.

1. When reviewing a motion to dismiss, [we] must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." *Vartanian v. Monsanto Company,* 14 F.3d 697, 700 (1st Cir.1994); *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

STEARNS, District Judge.

This matter is before the court on a motion to dismiss a Petition for Exoneration From or Limitation of Liability, Civil and Maritime ("Petition"). The defendants, co-administrators and beneficiaries of the estate of the decedent, Kay Jennette, brought a wrongful death action against the plaintiff, Anthony Keller, in Worcester Superior Court, after Keller filed the Petition in this court seeking to limit his liability for Kay Jennette's death to the value of his vessel. Keller seeks the protection of federal maritime law, specifically 46 U.S.C.App. §§ 183 *et seq.,* the Limitation of Liability Act ("Limitation Act"). The Jennettes contend that Keller is not entitled to the limitation because his vessel was a pleasure boat and because he was privy to the negligence that caused Kay Jennette's death.

### FACTS [1]

On August 25, 1994, Kay Jennette, the decedent, was a guest aboard Keller's yacht, the S/V Compound Interest, as it sailed from Block Island to Newport, Rhode Island. While Keller was at the helm, a wake stirred by a larger vessel caused his boat's mainsail to jibe. Immediately thereafter, Kay Jennette was found lying injured on the deck. The mainsail boom had fractured. Jennette was evacuated from Keller's vessel and died a short time later.[2] Her death certificate fixes the cause of death as a "blunt trauma to neck" caused by the impact of "a swinging boom".

On May 3, 1995, Keller filed the Petition. On September 8, 1995, the defendants brought the wrongful death action against Keller in Worcester Superior Court. On a preliminary motion, this court ordered a stay of the state court proceedings.[3]

2. The death certificate lists the time of the injury as 3:53 p.m. and the time of death as 10:40 p.m., some eight hours later.

3. After the parties agreed that their discovery needs are similar in the state and federal cases, I directed that the parties proceed with discovery according to the terms of a scheduling Order dated July 12, 1995, while the matter of the Petition was resolved.

## DISCUSSION

The Limitation Act "restricts the financial liability of a ship owner to the value of the vessel and its freight when the vessel is involved in an accident caused without the ship owner's privity or knowledge." *Keys Jet Ski, Inc. v. Kays,* 893 F.2d 1225, 1227 (11th Cir.1990). In addressing a petition, the task of an admiralty court is superficially straight-forward. "First the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the ship owner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976).[4] Defendants argue that the court need not even embark on this analysis because the statutory limitations of 46 U.S.C.App. § 183 do not apply to this case. The defendants say this is true because S/V Compound Interest is a pleasure craft.[5]

### *Applicability of Section 183 to Noncommercial Vessels*

Defendants have the benefit of two district court opinions in this Circuit endorsing a pleasure boat exception to the Limitation Act. In *Complaint of Tracey,* 608 F.Supp. 263 (D.Mass.1985), Judge Mazzone held that the Limitation Act applies only to commercial vessels. Observing that the Limitation Act was originally passed for the benefit of commercial shippers, the value of whose vessels and cargo would in most cases provide ample bond for a plaintiff's recovery, Judge Mazzone was of the view that the value of the typical pleasure craft was inadequate compensation for a wrongful death. *Id.* at 268. For similar reasons, in *Complaint of Roffe,* 724 F.Supp. 9 (D.P.R.1989), Judge Cerezo interpreted the Limitation Act to exclude owners of pleasure craft engaged in noncommercial activities.

There is much to be said for the equitable considerations animating these two district court opinions, and if writing on a blank slate, I would unhesitatingly adopt their holdings. Unfortunately, the matter is more complicated. All but one of the Courts of Appeals confronted with the issue have felt constrained, reluctantly at times, to apply the Limitation Act to pleasure boats.[6] See *Keys Jet Ski, Inc. v. Kays,* 893 F.2d 1225 (11th Cir.1990) (applying the Limitation Act to a jet ski); *Hechinger v. Caskie,* 890 F.2d 202 (9th Cir.1989) (forty-nine foot pleasure fishing vessel); *Endsley v. Young,* 872 F.2d 176 (6th Cir.1989) (recreational motor boat). These courts essentially decline to judicially legislate a change to a perhaps antediluvian but plainly stated statutory rule. Of perhaps greater import, the Supreme Court has assumed without discussion in at least two cases that the Limitation Act applies to pleasure craft. See *Coryell v. Phipps,* 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943) (applying the Limitation Act to a thirty-three foot cruiser); *Just v. Chambers,* 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941) (pleasure motorsailer). If the First Circuit is of a different mind, it has given no hint sufficient to permit a district court to deviate from the weight of precedent.[7]

---

4. If the injured party demonstrates negligence or unseaworthiness, the burden shifts to the owner of the vessel to prove lack of privity or knowledge. See *Whitiker v. Beavin,* 808 F.2d 762, 764 (11th Cir.1987).

5. Section 183(a) of Title 46 states that "the liability of the owner of **any** vessel .... for any loss, damage or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, **without the privity or knowledge of such owner or owners,** shall not, except in the cases provided for in the subsection (b) of this section, exceed the amount or value of the interest of such owner in the vessel, and her freight then pending." [Emphasis added].

6. The exception is *Fecht v. Makowski,* 406 F.2d 721 (5th Cir.1969). In *Fecht,* the Fifth Circuit held that a pleasure boat owner operating the vessel at the time of an accident could not invoke the Limitation Act. *Id.* at 722. *Fecht* is the only circuit court case to dismiss a Petition without insisting on a showing that the owner's own negligence caused the accident. See also *Complaint of Ingoglia,* 723 F.Supp. 512, 515 (C.D.Cal. 1989).

7. The evolution of, and the specified exceptions to 46 U.S.C.App. § 183 demonstrate Congress's intent to include pleasure craft within the meaning of "any vessel" as stated in § 183(a) of the Limitations Act. See M.B. McCauley, *Limitation of Liability and Recreational Vessels,* 16 TUL. MAR.L.J. 289, 295–297 (1992). Congress, for

### Vessel Owner's Privity or Knowledge of Negligent Act

■ Congress did not, however, give owners of pleasure craft (or other vessel owners) unqualified protection. It wrote an exception into the Limitation Act for damages caused with the privity or knowledge of the vessel owner. "Privity or knowledge" is defined as " 'personal participation of the owner in some fault, or act of negligence, causing or contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound to avail himself of a contemplated loss, or conditions likely to produce or contribute to the loss, without adopting appropriate means to prevent it. There must be some personal concurrence, or some fault or negligence on the part of the owner himself, or in which he personally participates, to constitute such privity, within the meaning of the [Limitation] Act, as will exclude him from the benefit of its provisions.' " *Petition of M/V Sunshine, II,* 808 F.2d 762, 763–764 (11th Cir.1987), quoting *Lord v. Goodall, Nelson & Perkins S.S. Co.,* 15 F.Cas. 884 (C.C.Cal. 1877). In other words, if the court finds that negligence or an unseaworthy condition was a substantial cause of Kay Jennette's death, it may then find Keller liable for the full measure of damages if it finds "privity or knowledge" on his part. See *M/V Sunshine, II,* 808 F.2d at 765.

■ The parties' submissions on the Jennettes' motion to dismiss are in relative agreement regarding the essential facts of the case. The parties agree that Keller was at the helm of the Compound Interest when Kay Jennette was fatally injured. The Jennettes assert that this fact alone requires dismissal of the Petition. However, " '[t]he owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent.' " *M/V Sunshine, II,* 808 F.2d at 765, quoting G. Gilmore & C. Black, *The Law of Admiralty* § 10–23, p. 883 n. 93 (2d ed. 1975).

### Admiralty Jurisdiction

In their supplemental brief, the Jennettes ask that the court allow their state common law case to proceed and that this court retain jurisdiction only of Keller's Petition. Title 28 U.S.C. § 1333 states that "the District Court has original jurisdiction, exclusive of the courts in the States in any civil case of admiralty or maritime jurisdiction, savings to suitors in all cases all other remedies to which they are otherwise entitled." Section 183(a) of Title 46 gives Keller the right to have this court determine his Petition and to request the enjoinment of any state court action. See *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 149, 152–154, 77 S.Ct. 1269, 1272–1273, 1 L.Ed.2d 1246 (1956); *Langnes v. Green,* 282 U.S. 531, 540, 51 S.Ct. 243, 246–247, 75 L.Ed. 520 (1931). See also *Fecht v. Makowski,* 406 F.2d 721, 723 (5th Cir.1969) citing 46 U.S.C.App. § 184. On the other hand, the "saving to suitors" clause of 28 U.S.C. § 1333(1) gives a party who has an *in personam* admiralty or maritime claim the right to invoke federal admiralty jurisdiction or to sue in state court. See 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Civil 2d* § 3672.

Recognizing that the competing sections of the United States Code place the parties' procedural rights in conflict, the Supreme Court has held that, where a boat owner has filed a petition to limit liability a claimant may proceed in state court only where "the state proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court". *Lake Tankers Corp. v. Henn,* 354 U.S. at 153, 77 S.Ct. at 1273. "Broadly stated, claims may proceed outside the limitations action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette,* 4 F.3d 401 (5th Cir.

example, specifically excluded pleasure boats from the tonnage fund requirements of 46 U.S.C. app. § 183(b)-(e) when the statute was amended in 1936. If Congress did not consider a pleasure boat a vessel under the statute, it clearly would

have been unnecessary to enact such an exclusion. See *Complaint of Brown,* 536 F.Supp. 750, 751 (N.D.Ohio 1982). See also *In re Complaint of Keys Jet Ski, Inc.,* 893 F.2d 1225 (11th Cir. 1990).

1993). As the federal court's jurisdiction over limitation actions is exclusive, this necessarily includes a stipulation that claimants waive *res judicata* with respect to any factual issues affecting the limits of Keller's liability that might otherwise be determined in the state court proceeding. See *Magnolia Marine Transport v. Laplace Towing Corp.*, 964 F.2d 1571, 1575–76 (5th Cir.1992); *Complaint of Dammers & Vanderheide*, 836 F.2d 750, 758 (2nd Cir.1988).

To sum up: (1) the Limitation Act does apply to pleasure craft; (2) the Limitation Act does not apply to Keller if Kay Jennette's death was caused by negligence or an unseaworthy condition *and* Keller was privy to or knowledgeable of the causative condition; (3) plaintiffs may proceed in state court (before a jury), but only after stipulating that the federal court has exclusive jurisdiction over the limitation action and waiving any relevant claim of *res judicata;* or (4) plaintiffs may first litigate the limitation action (without a jury) in the federal court on the understanding that the admiralty court's decision will be binding as to any limitation of damages and as to factual issues involving Keller's privity or knowledge. "In what may be called the typical *Langnes v. Green,* the admiralty court dissolves or modifies its § 185 injunction to allow the civil action to proceed, meanwhile holding the limitation proceeding in abeyance until the result of the civil action is known. If, in that action, judgment is for the shipowner or is for the plaintiff in an amount less than the limitation fund, then the shipowner's right to limitation will never have to be decided. It is, however, possible for the admiralty court to reverse the customary sequence and decide the limitation issues first." G. Gilmore & C. Black, *The Law of Admiralty,* at § 10–19, p. 872 (2d ed. 1975).

The result may be cumbersome, but it is dictated by the law.

### ORDER

The parties will advise the court within twenty-one (21) days of the date of this Order of their preference(s) as to future proceedings consistent with this decision.

SO ORDERED.