Harlan F. FECHT and Bessie McAllister,
Appellants,

v.

Edmund MAKOWSKI and Margaret M.
Makowski d/b/a Harbor Lights Motel,
Appellees.

No. 24153.

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1969.

Stanley Jay Bartel, Walter H. Beckham, Jr., Miami, Fla., Joe N. Unger, Miami Beach, Fla., Oliver W. Folmar, Vacation Village, Fla., for appellants.

Douglas M. Carlton, Miami, Fla., for appellees.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

GODBOLD, Circuit Judge:

This case arises out of an accident in which one passenger was killed and another injured when a 17-foot outboard motorboat operated by Edmund Makowski struck a submerged object. Makowski and his wife, doing business as the

Harbor Lights Motel, filed a petition for limitation of or exoneration from liability. The district court entered the usual injunction restraining the institution or prosecution of other suits pending the outcome of the limitation proceeding. The damage claimants filed exceptions to the petition, moving that it be dismissed. The exceptions were denied. After a full hearing the court concluded that the vessel was seaworthy and its operator free from fault, and it entered an order exonerating the petitioners from liability.

I

We turn first to the question whether it was proper for the district court to consider Edmund Makowski's petition for exoneration over the objection of the damage claimants.[1]

■ The Limitation of Liability Act permits the owner of a vessel to limit his liability for loss or damage done, occasioned or incurred without his privity or knowledge. 46 U.S.C. § 183(a). Though the meaning of "privity or knowledge" has been the subject of considerable speculation,[2] ample authority supports the view that when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence.[3]

Laying aside for the moment the joinder of Margaret Makowski as a petitioner, it is clear that Edmund Makowski would not have been entitled to limit his liability. If there was negligence in the operation of the motorboat, only he could have been guilty of it. In such event "privity or knowledge" would have existed, and limitation would have been denied. The appellees argue that there can be no privity without negligence, and that since the trial court found the owner was not negligent, the loss was incurred without his privity or knowledge. This argument passes over the threshold question: where it is apparent that limitation cannot be granted,[4] is it proper for the district court to adjudicate the issue of liability against the wishes of the damage claimants?

■■ We agree with the decisions of Judge Sugarman[5] and Judge Goodman[6] that where no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to

1. When filing exceptions to the petition, during the pretrial conference, and throughout the trial, the damage claimants sought to have the petition dismissed as a "sham."

2. See Gilmore & Black, Admiralty § 10–20 (1957).

3. In re Follett's Petition, 172 F.Supp. 304 (S.D.Texas 1958); Petition of Dilbert, 1961 A.M.C. 539 (S.D.N.Y.1960); Petition of Davis, 1950, A.M.C. 1028 (N.D. Cal.) aff'd sub nom. Davis v. United States, 185 F.2d 938 (9th Cir. 1950), cert. denied, 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 673 (1951); Gilmore & Black, Admiralty § 10–23, at 700 n. 93.

    The appellee calls our attention to Blackler v. F. Jacobus Transportation Co., 243 F.2d 733 (2d Cir. 1957), where an owner who was present on his vessel when an accident occurred was allowed to petition for limitation. In the present case the owner was not only on board the vessel but was operating it.

4. At the outset of the trial, the proctor for the petitioners withdrew that portion of the petition seeking limitation, conceding that the rights of the petitioners were restricted to exoneration and stating that the only issue to be tried was negligence. Thus, the right to limit liability was not at issue. *Compare* Pershing Auto Rentals v. Gaffney, 279 F.2d 546 (1960); In re Read's Petition, 224 F.Supp. 241 (S.D. Fla.1963).

5. Petition of Dilbert, 1961 A.M.C. 539 (S. D.N.Y.1960).

6. Petition of Davis, 1950, A.M.C. 1028 (N. D.Cal.), aff'd sub nom. Davis v. United States, 185 F.2d 938 (9th Cir. 1950), cert. denied 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 673 (1951).

suitors clause. 28 U.S.C. § 1333.[7] The statute allowing a shipowner to limit his liability for losses occasioned without his privity or knowledge provides that *"for that purpose"* the shipowner "may take the appropriate proceedings" in the admiralty court to enjoin state court actions. 46 U.S.C. § 184. The reason for enjoining state court suits is to distribute effectively a limited fund in a single proceeding, not to "transform the [Limitations] Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights * * *" Lake Tankers Corp. v. Henn, 354 U.S. 147, 152, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246, 1251 (1957). Where no grant of limitation is possible, the basis for granting exoneration vanishes. In such a case, a boat owner should not be treated more favorably than an automobile driver. The latter is not entitled to force a damage claimant to a trial without a jury. Neither should the former. See Lake Tankers Corp. v. Henn, *supra*.[8]

## II

We now consider whether Edmund Makowski's claim for exoneration was aided by the joinder of his wife in the limitation petition.

The Limitations Act provides that "the liability of the owner of any vessel"

may be limited. 46 U.S.C. § 183(a). The registered title to the craft was in the name of Edmund Makowski alone. Nevertheless, appellees contend that Margaret Makowski was a co-owner of the motorboat, either because the boat was used in the partnership business of the Harbor Lights Motel or because a wife, who is a cotenant by the entireties under Florida law,[9] has an equitable interest in the personal property belonging to her husband.

We need not pass on whether Margaret Makowski's status as a business partner or a wife rendered her an owner of the vessel within the meaning of the limitations statute. Even if she were an owner and entitled to petition for limitation the privity and knowledge of her husband as co-owner would bar her from limiting her liability. Kulack v. The Pearl Jack, 79 F.Supp. 802 (W.D.Mich. 1948), aff'd 178 F.2d 154 (6th Cir. 1949); The Chickie, 54 F.Supp. 19 (W. D.Pa.1942), modified on other grounds 141 F.2d 80 (3d Cir. 1944); see also Rowe v. Brooks, 329 F.2d 35 (4th Cir. 1964). Her joinder as a party to the petition could not justify depriving the damage claimants of their rights to a jury trial.

The judgment below is reversed.

---

7. Since the admiralty court has the power to grant full relief even though limitation is denied, one or more of the damage claimants may choose to litigate liability in admiralty. Cf. Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 552 at n. 15 (5th Cir. 1960). Here, where all claimants desired to proceed in state courts, it was proper to dismiss the petition. *Compare* Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612 (1927), where it was held appropriate for the admiralty court to retain jurisdiction.

8. In discussing the decline of the concourse theory of limitation proceedings, Chief Judge Brown has pointed out that *con-*

*cursus* is now limited to cases where multiple claims exceed the limitation fund and in which the right to limit is disputed. Pershing Auto Rentals v. Gaffney, 279 F. 2d 546, 550 (5th Cir. 1960); cf. Gilmore & Black, Admiralty § 10–41 (1957). We do not take this observation to mean that in every multiple claim-limited fund case the admiralty court *must* adjudicate liability, even if limitation cannot be granted. Indeed, Judge Brown points out that where the court denies limitation the claimants should be allowed to pursue their common law remedies. *Id.* at 552.

9. *See* Bello v. Union Trust Co., 267 F.2d 190 (5th Cir. 1959); Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925).