**In the Matter of the Complaint of Gary INGOGLIA, as owner of the vessel 1983, 19′ bayliner, I/O, Serial No. CF0762HG4 for exoneration from or limitation of liability.**

No. CV 89–2504–SVW.

United States District Court, C.D. California.

Sept. 12, 1989.

its the liability of the owner of a vessel for any loss or damage occurring "without the privity or knowledge of such owner" to the value of the interest of the owner in the vessel and her freight then pending. 46 U.S.C.App. § 183.[1] It then permits the owner of the vessel to petition a U.S. District Court for such limitation of liability, post security for the limitation amount and obtain an injunction prohibiting proceedings against the owner in any other forum. 46 U.S.C.App. § 185.

In the present proceeding, the owner of a nineteen foot motor boat seeks limitation of his liability to $9,400.00 for an injury suffered by a guest and passenger ("claimant") aboard the boat when the boat struck a wave while the owner and plaintiff-in-limitation was himself operating the boat. The claimant had previously filed an action against plaintiff-in-limitation in the California Superior Court in Santa Barbara. This limitation proceeding was filed in this Court after plaintiff-in-limitation had been served with the summons and complaint in the Superior Court action. An order issued as a matter of course in this limitation proceeding has restrained claimant from proceeding further in the Superior Court action.

Donald J. Sands, Arthur A. Leonard, Henry Tovmassian, Wilner, Narwitz & Klein, Beverly Hills, Cal., for Ingoglia.

Gregory L. Holtom, Offices of Thomas J. Dunnion, Monterey, Cal., Robert A. Fletcher, Santa Monica, Cal., for claimant-in-limitation, Yong Cho.

## ORDER GRANTING SUMMARY JUDGMENT AND DISSOLUTION OF RESTRAINING ORDER

WILSON, District Judge.

This is a proceeding under the U.S. Limitation of Liability Act, 46 U.S.C.App. § 183. This statute, originally enacted in 1851, lim-

## STANDARD OF REVIEW

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.Proc. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genu-

---

1. (a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending. 46 U.S.C.App. § 183(a).

ine issue for trial. *Id.; Harper v. Wallingford,* 877 F.2d 728, 730 (9th Cir.1989).

## DISCUSSION

As a threshold issue, this Court must determine whether it can rule on the limitation issue alone, or whether it must first decide the liability issue. Plaintiff-in-limitation argues that the Court must first determine what negligent acts, if any, caused the accident. *See Hercules Carriers, Inc. v. Claimant State of Florida,* 768 F.2d 1558, 1563–64 (11th Cir.1985); *Farrell Lines Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976). Claimant counters that where no limitation is possible, they are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the savings to suitors clause. *Fecht v. Makowski,* 406 F.2d 721 (5th Cir.1969).

▮ *Hercules Carriers* and *Farrell Lines* do indeed state that a "determination of whether a shipowner is entitled to limit his liability involves a two-step analysis.... First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Hercules Carriers,* 768 F.2d at 1563 (citing *Farrell Lines*). However, in both these cases claimants were amenable to proceedings on liability in the federal district court. Where a claimant has originally filed a claim in another forum, his desire to have the liability tried in that forum must be considered. *See* 3 *Benedict on Admiralty* § 51 ("Such discretion should be exercised to preserve, where possible, the shipowner's rights under the Limitation of Liability Act and the suitor's rights to a common law remedy in the common law courts under the Judiciary Act of 1789.")[2] Thus, in *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), the United States Supreme Court determined that a single claimant should be allowed to proceed with a trial on the merits in the forum of his choice, while the shipowner had the right to have the limitation of liability issue heard in the federal court.

▮ *Fecht v. Makowski,* 406 F.2d 721 (5th Cir.1969), is directly on point with the case at hand. *Fecht* involved an accident in which one passenger was killed and another injured when a seventeen foot outboard motorboat operated by its owner struck a submerged object. The owner and the wife filed a petition for limitation or exoneration from liability. The District Court enjoined prosecution of other suits, denied exceptions to the limitation petition filed by the damage claimants moving that the petition be dismissed and, after a full trial, concluded that the vessel was seaworthy and its operator free from fault and entered an order exonerating the petitioners from liability. The Court of Appeals reversed:

> The Limitation of Liability Act permits the owner of a vessel to limit his liability for loss or damage done, occasioned or incurred without his privity or knowledge. 46 U.S.C. § 183(a). Though the meaning of "privity or knowledge" has been the subject of considerable speculation, ample authority supports the view that when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence.

> [I]t is clear that Edmund Makowski would not have been entitled to limit his liability. If there was negligence in the operation of the motorboat, only he could have been guilty of it. In such event "privity or knowledge" would have existed, and limitation would have been denied. The appellees argue that there can be no privity without negligence, and that since the trial court found the owner was not negligent, the loss was incurred

---

**2.** "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled ..." 28 U.S.C. § 1333(1).

without his privity or knowledge. This argument passes over the threshold question: where it is apparent that limitation cannot be granted, is it proper for the district court to adjudicate the issue of liability against the wishes of the damage claimants?

We agree with the decisions ... that where no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause. 28 U.S.C. § 1333.... The reason for enjoining state court suits is to distribute effectively a limited fund in a single proceeding, not to "transform the Limitations Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." (citation omitted). Where no grant of limitation is possible, the basis for granting exoneration vanishes. In such a case, a boat owner should not be treated more favorably than an automobile driver. The latter is not entitled to force a damage claimant to trial without a jury. Neither should the former.

*Fecht*, 406 F.2d at 722–23 (footnotes omitted). Thus, it appears that this Court can determine the limitation issue without first deciding the liability issue.

■■■ Plaintiff-in-limitation further argues, however, that a determination of limitation is inappropriate at this time. To support his contention, he cites two cases, *Rodriguez Moreira v. Lemay*, 659 F.Supp. 89 (S.D.Fla.1987); *In re M/V Sunshine II*, 808 F.2d 762 (11th Cir.1987), which hold that a determination of limitation would be inappropriate in a motion to dismiss. Plaintiff-in-limitation obviously misses the point that this is not a motion to dismiss, but a motion for summary judgment. We agree that a determination would not be appropriate for a dismissal motion. However, in a situation where we must decide whether there is a genuine issue of triable fact, a determination may be most appropriate. *In re M/V Sunshine II* even suggests that

a determination may be proper for summary judgment. *Id.* at 765.

■■ Thus, after considering all pleadings, admissions on file, affidavits, and exhibits, this Court finds that no genuine triable issue exists as to the limitation issue. Plaintiff-in-limitation admits that he owns the boat in question and that he maintained, controlled and operated the boat at the time of the injury to claimant. Answer of Defendant Gary Ingoglia to Plaintiff's Complaint ¶ 3. If there was negligence in the operation of the motorboat, only he could have been guilty of it. In such an instance, privity or knowledge would have existed and limitation would be denied. Either plaintiff-in-limitation will be found liable for negligence, wherein privity will prevent limitation, or he will not be found to be negligent, wherein no determination of limitation would ever be necessary.

Plaintiff-in-limitation has not set forth specific facts showing there is a genuine issue for trial. He merely alleges that if he is found negligent, he is entitled to limit his liability on the ground that he had no privity or knowledge. Memorandum of Law in Support of Opposition to Motion for Summary Judgment p. 2. His admission that he was in control of the boat at the time of the injury is the only specific fact before the Court. In the absence of any other facts, plaintiff-in-limitation has not met his burden to show that there is a genuine issue for trial.

While this Court has determined the limitation issue, it makes no finding as to the issue of negligence or liability. That issue is properly reserved for the state court.

### RULING

Thus, having considered the pleadings, admissions of fact, affidavits, and exhibits, claimant's motion for summary judgment is GRANTED.

Further, the order restraining proceedings in the Superior Court is DISSOLVED.

IT IS SO ORDERED.