In the Matter of the Complaint of MA-RINE SPORTS, INC., As Owner of an Unnamed 1993 Thoroughbred Model Velocity 26 High Performance Power Boat, and Louis P. Alcamo, Jr., as Owner Pro Hac Vice of an Unnamed 1993 Thoroughbred Model Velocity 26 High Performance Power Boat For Exoneration From Or Limitation of Liability.

Civ. No. K–93–2575.

United States District Court, D. Maryland.

Dec. 29, 1993.

D. William Brooke, Columbia, MD, and Manfred W. Leckszas, Ober, Kalér, Grimes and Shriver, Baltimore, MD, for petitioners.

Kevin J. McCarthy, and John B. Kaiser, McCarthy, Bacon and Costello, Lanham, MD, for claimants.

FRANK A. KAUFMAN, Senior District Judge.

Marine Sports, Inc., and Louis P. Alcamo, Jr. (petitioners), who describe themselves as the owner and owner *pro hac vice*, respectively, of an unnamed 1993 Thoroughbred Model Velocity 26 High Performance Power Boat, seek exoneration from and/or limitation of liability pursuant to 46 U.S.C.App. § 183 and the applicable admiralty rule.[1] Erica E. Marley and William R. Cross, Jr. (claimants), seek dismissal of that quest for relief on the ground that the vessel owners are not entitled to exoneration and/or limitation of liability.[2] They also seek sanctions against Marine Sports and Alcamo for filing the within petition in admiralty. In response, petitioners

1. Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure.

2. Because documents outside the pleadings are included in the record in this case, the claimants' motion is treated as one for summary judgment pursuant to Fed.R.Civ.P. 12(b) and 56.

contend that claimants' pleadings fail to comply with Supplemental Rule F(5) and that on the merits of the case, this Court must first make a determination of liability before reaching the limitation issue. For the reasons stated herein, this Court grants claimants' motion for summary judgment, but denies their motion for sanctions.

On March 6, 1993, Alcamo took Cross, Marley, and another passenger for a free demonstration ride on his boat. While in the mouth of the South River, Anne Arundel County, Maryland, the vessel flipped and capsized, throwing all four occupants into the water and allegedly injuring passengers Cross and Marley. All parties agree that Alcamo was at the controls of the vessel at the time of the accident. On March 17, 1993, Cross and Marley filed a personal injury suit against Marine Sports and Louis P. Alcamo, Jr., in the Circuit Court for Anne Arundel County, Maryland.

On September 2, 1993, petitioners instituted this admiralty case, in this Court, pursuant to 46 U.S.C.App. § 183 *et seq.* and Supplemental Rule F, seeking exoneration from and/or limitation of liability for any claims arising out of the incident. That statute, the Limitation of Liability Act, provides that an owner of a vessel may limit his liability for loss or damage which results from an accident so long as such loss occurred "without the privity or knowledge of such owner." [3]

On September 3, 1993, this Court gave notice pursuant to Supplement Rule F, to any would-be claimants, affording them the opportunity to file claims by October 12, 1993. On September 30, 1993, claimants filed a motion to dismiss and/or for summary judgment asserting that 46 U.S.C.App. § 183

cannot afford petitioners any basis for relief because Alcamo was in control of the vessel at the time of the accident and thereby had "privity or knowledge" of the alleged negligence. In addition to substantively responding, petitioners, in their filing of October 15, 1993, contend that claimants lack standing to make their September 30, 1993, motion to dismiss because they failed to file their claims against the vessel owners on or before October 12, 1993. In the light of that latter contention, this Court must first determine whether the claimants' motion is properly before this Court.

Following the filing by petitioners of their opposition to claimants' motion to dismiss, the claimants filed, on October 26, 1993, a motion entitled "Answer and Notice of Claim" along with a motion to enlarge the time for filing a claim. In so doing, claimants stated that the filing of the motion to dismiss adequately put the vessel owners on notice that a claim was being brought against them. Exercising its discretion pursuant to Supplemental Rule F(4), this Court enlarged the time for the filings of claimants until November 12, 1993. As a result of that enlargement, the "Answer and Notice of Claim" became timely filed under Supplemental Rule F.[4]

■ Subsequent to this Court's enlargement of time, claimants, on November 17, 1993, refiled their motion to dismiss and/or for Summary Judgment and Motion for Sanctions, to which petitioners responded on November 29, 1993. Although petitioners do not specifically and affirmatively re-raise the standing issue in their November 29, 1993, filing, petitioners contend that claimants' Answer and Notice of Claim failed to comply

---

**3.** 46 U.S.C.App. § 183(a) states in pertinent part:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge or such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

**4.** Additionally, in that regard it is to be noted that Fed.R.Civ.P. 15(c) permits relation-back of an amended pleading to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." That Rule, which applies in admiralty cases pursuant to Supplemental Rule A, provides a further basis for exercise of discretion by this Court to bring claimants' latter filing into compliance with this Court's initial October 12, 1993, deadline for notice of claims. This Court hereby exercises that discretion.

with Supplemental Rule F(5). In that regard, petitioners maintain that said filing by claimants is only a notice of a claim and not a proper answer. However, in this Court's view, claimants' answer and notice of claim appear well-within the last sentence of Supplemental Rule F(5) which provides: "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Because claimants filed *both* an answer and notice of claim, which provided this Court with all the information necessary to resolve the within summary judgment motion, claimants' filings comply with all the relevant procedural requirements. In any event, this Court declines to apply an overly-technical reading to Supplemental Rule F(5), especially where no prejudice has resulted to petitioners and in view of the command of the Federal Rules of Civil Procedure themselves that all pleadings be "construed as to do substantial justice." Fed.R.Civ.P. 8(f). Accordingly, this Court construes the two summary judgment motions as well as the answer and notice of claim as properly before this Court.

■ Reaching the substance of claimants' summary judgment motion, this Court agrees with claimants that petitioners are not entitled to exoneration and/or limitation of liability pursuant to 46 U.S.C.App. § 183, and that claimants are entitled to summary judgment. The latter is appropriate "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

■ Petitioners contend that in this case at this time summary judgment should not be granted in favor of claimants because no determination of liability has yet been made. *In re Complaint of Ingoglia,* 723 F.Supp. 512 (C.D.Cal.1989), suggests strongly to the con-

trary. In that case, the district court rejected a contention similar to that advanced by petitioners and held that it could decide the limitation issue without first determining the liability issue. In *Ingoglia,* the owner of a motor boat sought limitation of his liability for an injury suffered by a passenger when the boat struck a wave while the owner was operating the boat. The injured party had filed an action against the owner in state court prior to the boat owner's filing the petition for limitation of liability in the federal district court.

In *Ingoglia* the court stated, "[w]here a claimant has originally filed a claim in another forum, his desire to have the liability tried in that forum must be considered." *Id.* at 514. *See* 3 *Benedict on Admiralty* § 51 (1993) ("Such discretion should be exercised to preserve, where possible, the shipowner's rights under the Limitation of Liability Act and the suitor's rights to a common law remedy in the common law courts under the Judiciary Act of 1789.").

Like the claimants in *Ingoglia,* the claimants in the within case filed their negligence action in state court prior to the exoneration and/or limitation of liability suit being filed in federal district court. In this Court's view, claimants in this case are also entitled to proceed in the state forum which they have selected in the light of the fact that in this case no limitation is possible, *see infra. Id.* at 515 (quoting *Fecht v. Makowski,* 406 F.2d 721 (5th Cir.1969) ("[W]here no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause. 28 U.S.C. § 1333....")).

In *In re Complaint of Cirigliano,* 708 F.Supp. 101 (D.N.J.1989), the court concluded that a determination of liability should be made before the limitations issue is decided.[5] However, in *Cirigliano* the claimants filed

---

5. In *Empresa Lineas Maritimas Argentinas S.A. v. United States,* 730 F.2d 153, 155 (4th Cir.1984), the Fourth Circuit stated that determining whether liability can be limited involves a two-step process in which the court must first consider what acts of negligence caused the accident. However, that case involved a suit where the

initial complaint against the shipowner (the United States) was filed in federal court and where no other related litigation existed in any other court. In such a case, the principle relied on in *Ingoglia*—allowing the claimants to proceed with the liability issue in state court—is not involved.

their suit in state court *after* the plaintiffs filed their petitions in admiralty pursuant to 46 U.S.C.App. § 183. Moreover, the court in *Cirigliano* nowhere addressed the possible interest of claimants therein in proceeding in the state forum. In sum, nothing in *Cirigliano* would appear to negate the reasoning in *Ingoglia* and in the authorities cited therein.

In *Ingoglia*, the court decided that the individual owner was not entitled to a limitation of liability where the owner admitted that he maintained, controlled, and operated the boat at the time of injury to the claimant. In that context, the court granted summary judgment to the claimants.[6] *See also Coryell v. Phipps*, 317 U.S. 406, 411, 63 S.Ct. 291, 293, 87 L.Ed. 363 (1943) ("In the case of individual owners it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury."); *Tittle v. Aldacosta*, 544 F.2d 752, 756–77 (5th Cir.1977); *Fecht*, 406 F.2d at 722–23.

Because petitioners have admitted (in complaint ¶ 3) that Alcamo was in control of the boat, and that Alcamo is the President and sole stockholder of Marine Sports, Inc. (complaint ¶ 1), they have admitted their "privity or knowledge" and thus may not seek exoneration and/or limitation of liability. "Either plaintiff-in-limitation will be found liable for negligence, wherein privity will prevent limitation, or he will not be found to be negligent, wherein no determination of limitation would ever be necessary." *Ingoglia*, 723 F.Supp. at 515. Accordingly, this Court reserves the issue of negligence for the Circuit Court of Anne Arundel County, Maryland. This Court's stay of the state court action, entered on September 3, 1993, is hereby lifted. Summary judgment for the claimants is hereby GRANTED.

As to claimants' quest for sanctions, the latter is hereby DENIED. In the light of *Cirigliano* and of the state of the law discussed in this opinion, petitioners' opposition to the motion to dismiss is hardly frivolous.

In a separate Order of even date herewith, this Court will enter judgment in this case against petitioners.

6. The court in *Cirigliano* also recognizes authority supporting the proposition that "when an owner operates his own pleasure craft, he is charged with 'privity or knowledge' of his own negligent acts ... and consequently, is not entitled to limit his liability." 708 F.Supp. at 104 (citations omitted).

As the Fourth Circuit has made clear, an examination of the facts underlying a claim of privity or knowledge is necessary where the owner of the vessel has hired others to operate the ship. *Hellenic Lines, Ltd. v. Prudential Lines, Inc.*, 813 F.2d 634, 638–39 (4th Cir.1987). In such a case, the court must determine to what extent the owner may be liable for the acts of subordinates. That is clearly not the inquiry present in the within case, where there is a single owner who concedes he was operating the boat at the time of the accident.