**In re The Complaint of David MARTIN, as the owner of the vessel Flicka, for exoneration from or limitation of liability.**

**Civil Action No. 97–11559–JLT.**

United States District Court,
D. Massachusetts.

Sept. 2, 1998.

David Farrell, Jr., Connors & Farrell, South Chatham, MA, for Plaintiff.

Richard K. Latimer, Kistin, Babitsky, Latimer & Beitman, Falmouth, MA, for Claimant.

## MEMORANDUM

TAURO, Chief Judge.

Pursuant 46 U.S.C.App. § 183(a), Plaintiff, David Martin, seeks exoneration from, or limitation of, liability for any injuries arising out of the September 28, 1996 voyage of the vessel Flicka. The Limitation of Liability Act, § 181 *et seq.*, establishes a procedure by which a shipowner can deposit with the court a sum equal to the value of his ownership interest in the vessel and can sue to limit his liability for any injuries sustained on the vessel to the amount of that ownership interest. *See* 46 U.S.C.App. § 185 (Supp.1997).

Claimant, Phyllis Cerce, contests Plaintiff's attempt to limit his liability. Claimant argues that, as the operator of the vessel at the time of the alleged accident, Plaintiff is not entitled to protection under the statute. *See* 46 U.S.C.App. § 183(a) and 46 U.S.C.App. § 187 (Supp.1997). Claimant further avers that she was a passenger on the vessel Flicka during its September 28, 1996 voyage and that she sustained personal injuries, resulting from Plaintiff's negligent operation of the boat. Specifically, she claims that, as the captain of the vessel, David Martin operated the boat at an excessive rate of speed, in rough seas, causing her to sustain severe and permanent injuries to her coccyx.

Claimant now moves for summary judgment, seeking the denial of Plaintiff's Petition for Exoneration or Limitation of Liability.[1] For the reasons discussed below, the court ALLOWS Claimant's motion.

## I.

### ANALYSIS

**A. *Choosing the Proper Approach***

■ As an initial matter, this court must decide whether it can rule on the limitation of liability issue alone or whether it must first decide the negligence question. Plaintiff argues that the court must determine what acts of negligence, if any, caused the accident, before it can consider the validity of Plaintiff's limitations claim. *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976); *see also Hercules Carriers, Inc. v. Claimant State of Florida,* 768 F.2d 1558, 1563–64 (11th Cir.1985); *Keller v. Jennette,* 940 F.Supp. 35, 37 (D.Mass.1996). Claimant counters that, where no limitation of liability is possible, she is entitled to have the petition dismissed, so that she can proceed with her negligence claim in a common law forum of her choosing. *Fecht v. Makowski,* 406 F.2d 721, 722–23 (5th Cir.1969); *see also In re Complaint of Ingoglia,* 723 F.Supp. 512, 514–15 (C.D.Cal.1989).

The court in *Farrell Lines* did, indeed, state that:

> [t]he determination of whether a shipowner is entitled to limitation employs a two step-process. First, the court must determine what negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.

*Farrell,* 530 F.2d at 10. And, later courts have added that it is only after the injured party demonstrates negligence that the burden shifts to the shipowner to prove lack of privity or knowledge. *See, e.g., Keller,* 940

---

**1.** Note that, in opposing Plaintiff's Petition for Exoneration or Limitation of Liability, Claimant has *not* filed a counterclaim against Plaintiff. *See* Fed.R.Civ.P. Supp. R. F(5). In fact, the memorandum accompanying Claimant's Motion for Summary Judgment makes clear that, if successful, Claimant intends to pursue any remedy in tort that she might have against Plaintiff in state court.

F.Supp. at 37 n. 4 (citing *In re Petition of M/V Sunshine II*, 808 F.2d 762, 764 (11th Cir.1987)).

This approach certainly makes sense in cases where the liability question is a complicated one. Not only is it a matter of judicial convenience to the parties to have the negligence and limitation of liability issues decided in the same action, *see In re M/V Sunshine II*, 808 F.2d at 764, but proceeding in this manner also guards against the problems that would result if the state court awarded a claimant an amount of damages that exceeded the limitations amount subsequently established by the federal court. *See Avera v. Florida Towing Corp.*, 322 F.2d 155, 158 (5th Cir.1963).

Blind adherence to *Farrell*'s two-step approach in all circumstances, however, ignores a claimant's important rights to a jury trial and to the full compliment of common law remedies available in state court. *In re Complaint of Marine Sports, Inc.*, 840 F.Supp. 46, 48 (D.Md.1993); *In re Complaint of Ingoglia*, 723 F.Supp. at 513. This is particularly true when, for some reason, limitation of liability is not possible, *see Lake Tankers Corp. v. Henn*, 354 U.S. 147, 153, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957), or a single claimant has unambiguously expressed an interest in a proceeding in different forum. *See Langnes v. Green*, 282 U.S. 531, 543–44, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *see also In re Complaint of Ingoglia*, 723 F.Supp. at 514 ("Where a claimant has originally filed a claim in another forum, his desire to have the liability tried in that forum must be considered."). The Limitations Act provides for the enjoining of state court suits when a petition, such as the one here, is filed in order to effectively distribute limited funds in a single proceeding, not to "transform the [Limitations] Act from a protective instrument [in]to an offensive weapon by which . . . shipowner[s] can deprive suitors of their common-law rights." *Lake Tankers Corp.*, 354 U.S. at 152, 77 S.Ct. 1269. "Where no grant of limitation is possible, . . . a boat owner should not be treated more favorably

than an automobile driver." *Fecht*, 406 F.2d at 723.

An analysis of the language of the statute only serves to confirm this conclusion. In relevant part, § 183(a) limits an owner's liability for personal injuries that occur on a vessel, but *only* when those injuries occur *without privity or the owner's knowledge. See* 46 U.S.C.App. § 183(a) (Supp.1997). Furthermore, § 187 explicitly reserves to the claimant, in the absence of this statutory protection, the right to sue the operator of the vessel in a forum of her choosing for the full extent of her injuries, notwithstanding any ownership interest that the operator might have in the vessel. *See* 46 U.S.C.App. § 187 (Supp.1997). In fact, even 28 U.S.C. § 1333, which confers on district courts original and exclusive jurisdiction in admiralty cases, reserves to claimants "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (1993). Accordingly, where no limitation of liability appears possible from the pleadings and preliminary discovery, this court finds that the wiser approach is for the court to consider the validity of Plaintiff's limitations claim prior to addressing the negligence issue.

### B. *Application to This Case*

■ As is apparent from Plaintiff's pleadings, the protections ordinarily afforded the owner of a vessel do not apply here. In his complaint, Plaintiff admits that "[he] was at all times material to this action the sole owner and operator of [the vessel] Flicka." Complaint, ¶ 3.[2] As if this were not enough, in an affidavit submitted in opposition to Claimant's Motion for Summary Judgment, Plaintiff again swears, "I was the owner/operator of [the vessel] Flicka during all relevant times." Aff. David Martin, ¶ 1. If there was negligence in the operation of the vessel Flicka, therefore, only Plaintiff could be liable for it. In such an instance, either privity or knowledge exists, and limitation of liability must be denied. *See Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir.1992); *In re Com-*

---

**2.** *See also* Complaint, ¶ 6–7 ("At all times during this afternoon voyage, [the vessel] Flicka was operated by Martin in full compliance with prudent seamanship, the International Rule of the

Road, and all other applicable laws and regulations. At all times during this afternoon voyage, Martin was operating [the vessel] Flicka in a safe manner, appropriate for the sea conditions.").

*plaint of Marine Sports, Inc.,* 840 F.Supp. at 49; *In re Complaint of Ingoglia,* 723 F.Supp. at 515. In any case, because Plaintiff's admissions undermine his limitations petition, the court must dismiss Plaintiff's petition at Claimant's request.

Moreover, under the framework discussed above, Plaintiff's argument that he piloted the boat with reasonable care misses the point. Before this court will consider the merits of the underlying tort claim, Plaintiff must demonstrate that he is entitled to the protection afforded by the statute. Plaintiff, in this case, fails to make such a prima facie showing.

Similarly, in opposition to the motion for summary judgment, Plaintiff submits an affidavit that suggests that Claimant's alleged injuries are, in fact, the result of a pre-existing condition. Although such evidence, if proven true, would be relevant to the underlying tort claim, it is irrelevant to the limitations issue. The only question raised by Claimant's Motion for Summary Judgment is whether there exists a disputed issue of material fact as to Plaintiff's privity with the operator of the vessel. As evidenced above, the court finds that no such issue exists.[3]

Finally, Plaintiff's reliance on *Keller v. Jennette,* 940 F.Supp. at 35, is misplaced. Although the court in *Keller* held that "[t]he owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent," the court was considering a very different set of facts. *Id.* at 38. In *Keller,* the claimant did *not* allege that the owner/operator who was seeking to limit his liability was the only possible negligent party. Instead, the claimant asserted that his injuries were caused, at least in part, by the negligent operation of another vessel. And so, the court's holding in *Keller* does not apply here.

---

3. Relying on 28 U.S.C. § 1333, some courts have characterized the dismissal question as one of subject matter jurisdiction. *See Joyce,* 975 F.2d at 385. The Supreme Court has stated, however, that "jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts al-

II.

## CONCLUSION

In conclusion, Claimant's Motion for Summary Judgment is ALLOWED, and Plaintiff's Petition for Exoneration or Limitation of Liability is DISMISSED. Having dismissed the action in admiralty, Claimant is free to pursue any legal remedy that she might have in whatever other forum she deems appropriate.

leged." *Langnes,* 282 U.S. at 535, 51 S.Ct. 243. In similar circumstances, therefore, the Court found that it is more appropriate to resolve the issue as a decision on the merits, and not as a dismissal for want of jurisdiction. *Id.; see also Joyce,* 975 F.2d at 383 n. 3.