**In re Matter of Ray Leslie ARNTZ DBA Sun Divers, as an Owner Pro Hac Vice of M/V Sundiver, Vessel Identification No. RDWX002G888, at the Time of the Alleged Incident Praying for Exoneration from or Limitation of Liability, Petitioner.**

No. SACV05154JVS.

United States District Court, C.D. California.

Aug. 4, 2005.

Matthew W. Monroe, Los Angeles, CA, for Petitioner.

Cara L. Eisenberg, Eisenberg Law Firm, Beverly Hills, CA, Donna E. Albert, Donna E. Albert & Associates, Fort Lauderdale, FL, for Defendant.

Scott P. Koepke, Scott P. Koepke Law Offices, Los Angeles, CA, for Respondent.

David S. Mayes, Stephen L. Hewitt, Hewitt & Proutt, No. Hollywood, CA, Cara L. Eisenberg, Eisenberg Law Firm, Beverly Hills, CA, Donna E. Albert, Donna E. Albert & Associates, Fort Lauderdale, FL, for Claimant.

David S. Mayes, Stephen L. Hewitt, Hewitt & Proutt, No. Hollywood, CA, Cara L. Eisenberg, Eisenberg Law Firm, Beverly Hills, CA, Donna E. Albert, Donna E. Albert & Associates, Fort Lauderdale, FL, Third Party Defendant.

## ORDER DENYING RESPONDENT CARLOCK'S MOTION TO DISMISS COMPLAINT

SELNA, District Judge.

Respondent Daniel E. Carlock ("Carlock") has filed the instant motion to dismiss Ray Leslie Arntz's ("Arntz") Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion is denied.

1. The Court refers to Carlock's state-court Complaint for relevant background facts.

2. The motion also seeks to dismiss the Complaint because "Arntz'[s] pleading reveals that he failed to discharge his duty of care to Carlock." (Mot., p. 22.) Carlock has not cited, and the Court is unaware of, any au-

## I. BACKGROUND

This case arises out of a scuba diving excursion gone awry ("the Incident"). On April 25, 2004, Carlock participated in a scuba dive off the coast of Southern California with his certifying dive shop, Ocean Adventures Dive Co., on the Sundiver vessel. (Compl., ¶¶ 13–14.)[1] Carlock was left behind when the Sundiver and its crew departed the dive spot. (Id., ¶¶ 16–25.) As a result, Carlock remained alone at sea for several hours, before being spotted and rescued by a passing ship. (Id., ¶¶ 25–28.) On January 27, 2005, Carlock filed an action in state court naming Arntz and others as defendants.

On February 14, 2005, Arntz, as an owner *pro hac vice* of M/V Sundiver, filed a Complaint for Exoneration From or Limitation of Liability within the meaning of the Limitation of Liability Act, 46 U.S.C. §§ 185–91 ("the Act"). The Act, in relevant part, limits shipowner liability for negligence unless the negligence was within the shipowner's "privity or knowledge." 46 U.S.C. app. § 183(a); *In re BOWFIN M/V*, 339 F.3d 1137, 1137 (9th Cir.2003). Arntz successfully moved this Court to stay the state action until his entitlement to relief in this action is resolved. (Order, Feb. 23, 2005.)

On the instant motion, Carlock argues that Arntz cannot take advantage of the Act because he was operating the Sundiver vessel at the time of the Incident and thus necessarily had privity or knowledge of the alleged negligence that caused Carlock to be left behind.[2]

thority to support the assertion that a shipowner is unable to take advantage of the Act solely because he failed to discharge his duty of care. To the extent that this argument is intended to prove Arntz's negligence, it must fail because Carlock has not come forward with any substantive evidence of breach of duty, causation, or damages.

## II. *LEGAL STANDARD*

A motion to dismiss will not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

## III. *DISCUSSION*

■ "A determination of whether a shipowner is entitled to limit his liability involves a two-step analysis.... First, the [C]ourt must determine what acts of negligence ... caused the accident. Second, the [C]ourt must determine whether the shipowner had knowledge or privity of those same acts of negligence ...." *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976); *In re M/V Sunshine II,* 808 F.2d 762, 764 (11th Cir.1987); *Muer v. Karbel,* 146 F.3d 410, 415 (6th Cir.1998); *see Matter of Hechinger,* 890 F.2d 202, 207 (9th Cir.1989). The burden of proof shifts between the parties: the claimant has the initial burden of proving the negligent act, then the shipowner, in order to limit his liability, bears the burden of proving that the negligence was outside of his knowledge or privity. *Bowfin,* 339 F.3d at 1137; *N. Fishing & Trading Co., Inc. v. Grabowski,* 477 F.2d 1267, 1271–72 (9th Cir.1973).

At this stage of litigation, Carlock has not made a substantive showing of negligence. Instead, Carlock has filed the instant motion to dismiss the Complaint because, he asserts, Arntz is unable as a matter of law to prove that the alleged negligence occurred outside of his privity or knowledge. (Mot., pp. 13–14.) Carlock relies on *Fecht v. Makowski,* 406 F.2d 721 (5th Cir.1969), and its progeny to support his position that "where the owner is actually in control of, or operating, a vessel at the time of the accident at issue, that owner has privity or knowledge of the event causing the loss." (Mot., p. 14.)

■ The Court notes that Carlock's motion appears to be premature because, as noted above, Carlock has not met his initial burden of proving negligence. Without this predicate showing, it is not incumbent upon Arntz to prove anything. *Grabowski,* 477 F.2d at 1272 ("The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit."). Nevertheless, the developed case law permits an attack on a shipowner's claim for limitation prior to a determination of liability because if the shipowner is not entitled to limitation, the saving to suitors clause, 28 U.S.C. § 1333, entitles the claimants to resolve the issue of liability in state court with the benefit of a jury. *Suzuki of Orange Park, Inc. v. Shubert,* 86 F.3d 1060, 1064 (11th Cir. 1996); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.,* 764 F.2d 1008, 1011 (4th Cir.1985); *Fecht,* 406 F.2d at 722–23; *Moore–McCormack Lines, Inc. v. Richardson,* 295 F.2d 583, 595 (2d Cir. 1961); *Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546, 552 (5th Cir.1960); *The Silver Palm,* 94 F.2d 776, 780 (9th Cir.1937). The Court, therefore, has considered the merits of the motion.

■ Carlock relies on the following statement from *Fecht* to support his position that Arntz cannot prove a lack of privity or knowledge of the allegedly negligent act:

> Though the meaning of 'privity or knowledge' has been the subject of con-

siderable speculation, ample authority supports the view that when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence.

*Fecht,* 406 F.2d at 722. However, *Fecht* and its progeny are distinguishable from the instant case because the alleged negligence here is not necessarily attributable solely to the vessel operator.

In *Fecht,* the owner of a motorboat was operating it when it struck a submerged object and killed one passenger and injured another. *Fecht,* 406 F.2d 721. The court correctly observed that "[i]f there was negligence in the operation of the motorboat, only [the operator] could been guilty of it." (*Id.*) Put differently, since the negligent act at issue involved the operation of the motorboat itself, the operator must have had privity or knowledge of the act because there was no one else to blame.

A number of owner-operator cases have followed *Fecht.* The loss in *In re Ingoglia,* 723 F.Supp. 512 (C.D.Cal.1989), arose out of an accident where a motorboat struck a wave while the owner was operating the boat. (*Id.* at 513.) The district court found that *Fecht* was "directly on point" and, like *Fecht,* held that "[i]f there was negligence in the operation of the motorboat, only [the operator] could have been guilty of it." (*Id.* at 515.)[3] In *In re Martin,* 18 F.Supp.2d 126 (D.Mass.1998), another case cited by Carlock, the passenger of a boat was injured when the owner and operator allegedly operated the vessel at an excessive rate of speed in rough seas. (*Id.* at 127.) Rejecting the shipowner's claim for limitation, the court found that "[i]f there was negligence in the operation of the vessel ... only [the owner] could be liable for it." (*Id.* at 128.) Finally, the court in *Petition of Follett,* 172 F.Supp. 304 (D.Tex.1958), reached the same conclusion when the owner and operator of a motorboat collided with another speedboat. (*Id.* at 305.) The court based its decision on the fact that "[n]o other party was alleged to have been with them, either as pilot or passenger." (*Id.*)

The instant case is factually distinguishable: The negligent act was not due to the operation of the vessel, *per se.* Rather, the alleged negligence was in the crew's failure to recognize that Carlock was not onboard before the boat left for the second dive spot. In contrast to *Fecht* and the cases following it, Arntz was not the only person capable of committing the negligent act. Indeed, the negligence could have been caused solely by the certified dive masters who were onboard and hired to care for the divers.[4] It follows that *Fecht* and its progeny are distinguishable and not instructive in the instant case.

Moreover, *Fecht* has been heavily criticized in other circuits. For example, the Eleventh Circuit held that *Fecht's* "precatory statement is hardly a legal principle," and explained that "[t]he owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent." *Sunshine II,* 808 F.2d at 765 (*quoting* GILMORE AND BLACK, THE LAW OF ADMIRALTY, §§ 10–23 &

---

**3.** Notably, the *Ingoglia* case was decided on summary judgment. The court specifically explained that "a determination [of limitation] would not be appropriate for a dismissal action." *Ingoglia,* 723 F.Supp. at 515.

**4.** Admittedly, Arntz may be unable to take advantage of the Act even if he was not per-

sonally negligent, but only was in privity or had knowledge of his crew's negligence. For purposes of this motion, however, the Court is unable to find as a matter of law that any alleged negligent acts were within Arntz's privity or knowledge.

n. 93). According to the Eleventh Circuit, the "common sense recognition" that an owner who is controlling the vessel at the time of the accident will have privity and knowledge of negligent acts "is not an ineluctable doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision." (*Id.*)

The Sixth Circuit has similarly criticized *Fecht.* In *Muer v. Karbel,* 146 F.3d 410 (6th Cir.1998), the court quoted with approval the above-referenced language of *Sunshine II* and went on to explain that:

> The strength of *Fecht*'s authority is also undermined by the fact that the Fifth Circuit based its decision in *Fecht* on the fact that the limitation of the owner's liability would not have been possible under any circumstances because the vessel owner had stipulated prior to trial that the complaint, insofar as it sought a limitation of liability, was withdrawn and that the vessel owner was seeking only exoneration. In that sense, *Fecht*'s statements that an owner at the helm cannot limit liability do not carry the authority urged . . . .

(*Id.* at 416 n. 2 (internal citations omitted).)

Although the Ninth Circuit has not commented on *Fecht,* the Court finds it instructive that the only two circuits that have considered the case have rejected it. Moreover, the Court is persuaded by the reasoning of *Sunshine II* and therefore cannot find as a matter of law at the pleading stage that Arntz will be unable to show that any negligent acts were outside of his knowledge or privity. While it may be difficult given the circumstances of this case, Arntz is entitled to an opportunity to present facts to demonstrate that his "conduct was in all respects prudent," *Sunshine II,* 808 F.2d at 765; *Muer,* 146 F.3d at 416, and that he had no knowledge or privity of any negligent acts.

## IV. CONCLUSION

For the reasons stated above, Carlock's motion is denied.