[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13465

Non-Argument Calendar

_____

In Re:

MAD TOYZ, III, LLC

as titled owner of and for one 2018 38'
Statement 380 Open Motorboat bearing hull
identification number STTEB112L718, her
engines, tackle, and appurtenances,

_____

JEFFRY KNIGHT,

as owner pro hac vice of and for one 2018
38' Statement 380 Open Motorboat bearing
hull identification number STTEB112L718,
her engines, tackle, and appurtenances,
for Exoneration from or Limitation of Liability,

2                     Opinion of the Court                    21-13465

                                              Petitioner-Appellee,

*versus*

JOHN DOE,
et al.,

                                                    Respondents,

NADINE SARAH RUSLI,
ERWIN P. RUSLI,

                                  Respondents-Claimants-Appellants.

                    _____

              Appeal from the United States District Court
                   for the Middle District of Florida
               D.C. Docket No. 8:20-cv-00911-MSS-AAS

                    _____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

        Following a boating accident, Mad Toyz, III, LLC and Jeffry
Knight filed the instant action, seeking the protections of the Limi-
tation of Liability Act, 46 U.S.C. § 30501, *et seq.* The respondents-
appellants, Erwin and Nadine Rusli, moved to dismiss.    A

magistrate judge recommended denying the Ruslis' motion. Disagreeing, the district court held that the complaint was untimely and dismissed it. Even so, the district court denied the Ruslis' motion for Rule 11 sanctions against Knight. After careful review, we hold that the district court did not abuse its discretion in declining to issue sanctions.

## I

"Rule 11 authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquire into, the falsehood." *Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017) (citing Fed. R. Civ. P. 11(b), (c)(1)). The rule also permits sanctions if the offending pleading is "presented for any improper purpose," or if it is legally frivolous. *See* Fed. R. Civ. P. 11(b)(1)–(2), (c)(1).

Significantly here, we review a district court's denial of a motion for Rule 11 sanctions only for abuse of discretion. *Fuentes v. Classica Cruise Operator Ltd.*, 32 F.4th 1311, 1321 (11th Cir. 2022). "This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (per curiam). "Short of that, an abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision." *Id.*

## II

### A

Before turning to the issue of sanctions, we provide a brief overview of the relevant substantive law. And we note that neither party disputes the district court's assessment of that law.

As all agree, the Limitation of Liability Act allows shipowners to limit their liability to "the value of the vessel and pending freight" for tort claims "arising from . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)–(b). This Court has explained that "[t]he shipowner's privity or knowledge is not measured against every fact or act regarding the accident; rather, privity or knowledge is measured against the specific negligent acts or unseaworthy conditions that actually caused or contributed to the accident." *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1064 (11th Cir. 1996). Normally, when a shipowner "is in control of and operating his pleasure craft," he will have "privity or knowledge" with respect to its operation. *The M/V Sunshine, II v. Beavin*, 808 F.2d 762, 765 (11th Cir. 1987) (quoting *Fecht v. Makowski*, 406 F.2d 721, 722 (5th Cir. 1969)). But we've held that "[t]he owner's presence is not necessarily fatal" to his rights under the Act "if the evidence suggests that his conduct was in all respects prudent." *Id.* (quotation omitted); *cf. also Suzuki*, 86 F.3d at 1062 (holding that in a limitations action, the "damage claimants bear the initial burden of establishing liability (i.e., negligence or unseaworthiness)").

21-13465          Opinion of the Court          5

In any event, to invoke the Act's protections, the shipowner must file his limitation action "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). Not just any written notice will suffice to trigger the limitations period; as we recently held, the notice must "reveal a 'reasonable possibility' that the claim will exceed the value of the offending vessel[]." *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1331 (11th Cir. 2019).

## B

With the law in view, we turn to the Ruslis' arguments. They assert that Knight's conduct was sanctionable for three reasons. First, Knight "knew his action was not timely as filed." Second, "there is no question that [Knight] was in privity with the negligence or conditions which caused the incident." And third, Knight "persisted in litigating the action with purely dilatory and vexatious conduct for 10 months, despite knowing his allegations were entirely unsupported by the facts and law." We conclude that none of those arguments suffices to show that the district court abused its discretion when it declined to impose sanctions.

Take the timeliness argument first. Knight acknowledged in his amended complaint that the respondents had sent him letters about a potential claim.[1] He alleged, however, that the notices

---

[1] The Ruslis argue at length that Knight should be sanctioned because he failed to read the letters prior to commencing suit, sending them directly over to his insurance company. But that failure to read is irrelevant to whether the letters

6                    Opinion of the Court                    21-13465

"did not contain sufficient information or documents to put [him] on notice that [the] claim alone could reasonably exceed the post-loss value of the Vessel," which was $325,000.  The district court ultimately disagreed and determined that the letters triggered the limitations clock.  But that disagreement doesn't suffice to show that Knight's allegation was deserving of sanctions.  *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  After all, a "legal claim is frivolous," and thus sanctionable, only "when it has no reasonable chance of succeeding."  *Gulisano v. Cohen*, 34 F.4th 935, 942 (11th Cir. 2022).  And a "factual claim is frivolous when it has no reasonable factual basis," not when the evidence supporting it is "merely weak."  *Id.* (quotation omitted).  We share the district

---

"reveal[ed] a 'reasonable possibility' of a claim that [would] exceed the value of the vessel[] at issue."  *Orion*, 918 F.3d at 1338.  As explained above the line, Knight's allegation that the letters didn't satisfy that objective test wasn't frivolous.  And to the extent the Ruslis take issue with the *original* complaint's failure to mention the letters, that's not a proper basis for their Rule 11 sanctions motion.  Knight promptly amended his complaint to acknowledge the letters once they were brought to his attention.  And that cured any potential Rule 11 violation in the original complaint.  *See* Fed. R. Civ. P. 11(c)(2) (requiring a party to serve a motion for sanctions on the opposing party before filing it, and prohibiting the filing or presentation of the motion "to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service"); 2 Moore's Federal Practice - Civil § 11.22[1][b] (2022) ("If the party . . . withdraws or corrects the paper within the safe-harbor period, any alleged violation of Rule 11 is cured."); *see also TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020) ("Once an amended complaint is filed, the original pleadings are considered abandoned and are no longer a part of the plaintiff's averments." (cleaned up)).

court's view that "there was a non-frivolous argument that the written notification at issue failed to trigger the six-month deadline." In fact, a magistrate judge *agreed* with Knight in a report and recommendation that the letters didn't start the clock. That was because, although one letter referred to "significant monetary damages" and "extensive physical injuries to Nadine Rusli" which "may affect" her ability "to return to work as a nurse," neither letter quantified those damages or detailed the nature of Nadine's injuries or medical treatment she had received. We think that Knight's position, which was adopted by an impartial magistrate judge, was not so unreasonable as to be frivolous.

As to the Ruslis' second argument, they appear to accept that it wouldn't have been frivolous for Knight to pursue this action if he reasonably believed that he didn't negligently cause the collision. *Cf. Beavin*, 808 F.2d at 764–65; *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992). But, they say, no reasonable person could have understood the factual circumstances to have supported Knight's allegation that "[t]here was no negligence on" his part "that caused or contributed to any alleged injury or loss or damage."

Although we think this is a close call, we don't believe that the district court abused its discretion. Whether Knight could have reasonably believed that he didn't negligently cause the accident is a factual issue. And that means we can reverse the district court only if we are "left with the definite and firm conviction that a mistake has been committed." *TVPX ARS, Inc. v. Genworth Life &*

*Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) (quotation omitted).

We don't think that standard is met here. It's true, as the Ruslis stress, that Knight admitted in his deposition to traveling at "30, 35 miles an hour" and that he estimated he was looking down at his gauges and GPS—rather than straight ahead—for somewhere between "30 seconds [and] 60 seconds" before the collision. The district court acknowledged those facts. But as the district court further pointed out, Knight's civil charges for "careless operation of a vessel" had recently been dismissed with no findings of fault against him. On top of that, the Ruslis hadn't yet been deposed in the litigation. So the entire picture wasn't necessarily clear to Knight when he filed this action—or even prior to its dismissal. His answers during discovery bear that out. In an interrogatory response, Knight claimed that he believed Erwin Rusli was "at fault" because he had apparently "turn[ed] his vessel to port" in the channel "when he was required to give way to [Knight's] vessel." During his deposition, Knight elaborated that he held that belief due to the angle of collision, which showed that Rusli had "cross[ed] the front of [his] path." Knight also testified that he was "looking back and forth" between his gauges and "straight ahead," and when he was looking up, he didn't see any other boats in the channel. That complete lack of traffic would have made it more reasonable for him to look down at his instruments momentarily to assist with navigation. And as to the length of time that Knight had been looking down prior to the collision, he clarified in his

21-13465                Opinion of the Court                9

deposition that he "d[id]n't know exactly" how long that was. Taking all of that into consideration, we cannot say that the district court clearly erred in finding that Knight could have reasonably thought that the boating accident wasn't caused by his negligence.

The Ruslis' third and final argument is essentially a repackaging of the first two. They submit that Knight "vexatiously pursued [this] futile action." But the reason they urge that Knight acted in bad faith is that he litigated a "clearly frivolous" case for 10 months. As already explained, we don't believe the district court abused its discretion in concluding that Knight's pursuit of this action wasn't frivolous.

★ ★ ★

Even if we might have viewed the sanctions issue differently if presented to us in the first instance, our review here isn't de novo. We are limited to determining whether the district court abused its discretion. It did not. Accordingly, we **AFFIRM**.